IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Max M. Kerr,      Case No. 3:06CV2564

       Plaintiff

v.      ORDER

DaimlerChrysler Corp.,

       Defendant

       This is a *pro se* products liability personal injury suit. The plaintiff, Max Kerr, was injured when his car went off the highway. He claims that his injuries were caused when the airbag in his 1994 Chrysler New Yorker failed to deploy.

       Pending are motions by the defendant DaimlerChrysler Corporation [1] for summary judgment. One motion seeks summary judgment on the merits, contending, *inter alia*, that plaintiff has not obtained expert opinion as to the causal connection between his injuries and the non-deployment of the airbag. [Doc. 57]. The other motion seeks summary judgment on the basis that the plaintiff failed to preserve the vehicle, making inspection by DaimlerChrysler impossible, and thereby irreparably prejudicing its ability to defend this suit. [Doc. 63]. Plaintiff opposes both motions.

---

[1] This is no longer the defendant's corporate name. For ease of reference, it will, however, be used in this opinion.

For the reasons that follow, defendant's motion for summary judgment on the merits shall be granted. Its motion for summary judgment for spoliation shall be overruled as moot.

With his opposition to the pending motion for summary judgment, the plaintiff has submitted three exhibits: two medical records and a post-accident preliminary inspection of the vehicle. [2] He has not submitted evidence from a qualified expert as to a causal connection between the injuries he claims to have suffered. [3]

Such proof is essential before a jury could find that the failure of the airbag to deploy caused the injuries giving rise to his claim. *See, e.g., Hickey v. Otis Elevator Co.*, 163 Ohio App.3d 765, 772 (2005) (upholding summary judgment in favor of manufacturer; plaintiff "submitted no expert or other evidence, direct or circumstantial, upon which a trier of fact could conclude that a manufacturing defect caused his injuries"); *Schwarze v. Divers Supply*, 2002 WL 1773232, *7 (Ohio App.) (upholding grant of summary judgment because "there is no evidence in the record that the allegedly defect poppet assembly caused appellant's hearing loss").

Even if the two medical reports submitted by plaintiff are deemed admissible, despite the lack of an affidavit of attestation, they do not suffice to meet plaintiff's burden of proving causation.

---

[2] Defendant asserts that I cannot consider those documents, as no affidavit attesting, *inter alia*, to their origin and authenticity accompanies their submission. I need not resolve this issue. Even if I were to consider the exhibits, they do not suffice to meet plaintiff's burden of showing that there is a genuine issue as to the defective condition of the airbag and a causal relationship between its failure to deploy and plaintiff's injuries.

[3] For purposes of this opinion, I accept plaintiff's contention that failure of the airbag to deploy evidences a manufacturing defect. Where a plaintiff claims a manufacturing, rather than a design defect, it does not appear that expert testimony is always a *sine qua non* to recovery. *See Carroll v. Alliant Techsystems, Inc.*, 2006 WL 3008472, *4 (Ohio App.) (fact that seatbelt became disconnected during accident sufficed to create issue of fact as to manufacturing defect re. belt's failure to perform intended purpose).

Just because he may believe, and even have told his treating physicians that non-deployment of the airbag caused his injuries, his opinion is immaterial. What matters, and what is missing, is a qualified expert medical opinion connecting the non-deployment with the injuries.[4]

Plaintiff has failed to produce sufficient evidence to give rise to a triable issue as to whether the non-deployment of the airbag – even assuming that it was defective – caused his injuries. It is, therefore,

ORDERED THAT

1. Defendant's motion for summary judgment [Doc. 57] be, and the same hereby is granted; and

2. Defendant's motion for summary judgment re. spoilation [Doc. 63] be, and the same hereby is overruled as moot, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[4] Plaintiff claims that DaimlerChrysler did not provide necessary discovery. Whether that is so or not doesn't matter: any discovery not produced by the defendant could have gone only to the issue of defect in manufacture. Nothing the defendant could have provided would have related to a causal connection, or lack thereof, between any defect and plaintiff's injuries.